Minsiiall J.
For the purpose of convenience we will first consider whether the first, second and third causes of action contained in the petition of the plaintifl'below, were barred by the limitation- contained in the statute at the commencement of the suit. The language of the statute (§ 5848 Rev. Stat.) is, “ no recovery shall be had unless the action be brought within one year after the ... assessments are collected.”
It is claimed that an assessment is an entirety, and that the statute does not begin to run, where the assessment is divided into installments, until the payment of the last one. We are of a different opinion. It may be conceded that as respects the making of an assessment, it is to be regarded *57 as an entirety — the sum the land should bear as its proportion of the cost of the improvement, according to benefits conferred; but it does not follow that it must be so regarded as respects the mode of collection. When, for the latter purpose, it is divided into installments, one of which is to be paid each successive year until all are paid, each is to be regarded as a separate demand; and, if the assessment itself is illegal, each involuntary payment of an installment, constitutes a wrong for which a remedy is given by an action to recover back the amount so paid, within the period of one year from the collection thereof. JBy way of illustration, the purchase-money agreed to be paid as the consideration for the conveyance of a piece of land, is, as to the consideration, an entirety; but where, by the agreement of the parties, it is divided into certain annual installments, the statute in such case begins to run as to each, from the time it becomes due aud payable. The only difference in the two cases is, that in the former the right of action arises from the collection of an installment of an illegal assessment, under circumstances which show that the payment was involuntary; and, in the latter, it arises from the omission of the purchaser to pay an installment of the purchase-money according to the terms of his agreement. The involuntary payment of that which is an illegal assessment on the lands of the plaintiff, is the gravamen of the action, whether the amount paid is the whole or but a part of the assessment. Any other construction would be uhjust to assessment payers and inconvenient to the public. The fact that the right of action is limited to a year after the “assessment” has been collected, should not, as we think, have the controlling effect claimed for it by counsel for the plaintiff below. It does no violence to the probable intention of the legislature in this regard, to say, that, in the use of the word “ assessments,” installments are included; that is where an assessment is, for the purpose of collection, divided into installments, each installment is to be regarded as an assessment. Therefore the judgment of the district court affirming the *58 judgment of the court of common pleas upon the demurrer of the defendeut beiow to the first, second and third causes of action contained in the petition, should be and is affirmed, the action not having been commenced within a year from the payment in either case.
It remains to be considered whether the judgment rendered against the plaintiff in error upon the fourth cause of action should be reversed. We are of the opinion that it should, for the principal reason.that it does not appear as a matter of fact, that the assessment, an installment of which is sought to be recovered back, was illegal. The averment as to this, in the pleading, is simply that it was illegal and void. But this is a legal conclusion, and does not present an issue of fact. The facts from which it is claimed the illegality arises, should be stated, that the court may judge whether the assessment was illegal or not.
There are certain cases in which legal conclusions, stated in connection with certain averments of fact, have been held sufficient at least after verdict; as, for instance, an averment of indebtedness on account of goods sold and delivered, or of work and labor performed, at the request of the defendant; for the facts stated import an indebtedness. But we know of no case, and certainly none has been cited, that has gone to the length of holding that an averment that the defendant is indebted to the plaintiff, would support a recovery in any instance; and yet such an averment is no more purely a question of law, than an averment that an assessment is illegal and void. The rule of pleading with its distinctions in this regard, is treated by Bliss in his work on Code Pleading, at § 213 and § 334, which see with the cases cited by the author; also Pom. Rem., § 530, and the cases cited in the note thereto.
It is claimed by counsel'for the defendant in error that this question was not made below. However this may be, it is made by the demurrer to the cause of action on which the judgment was rendered against the plaintiff in error; *59 is now insisted on by his counsel, and, being an error apparent on the record and assigned for error, can not be disregarded by this court on the statement of counsel that it was not insisted on below. Judgment must be given upon and not against the record.
As to the point that the petition does not show an involuntary payment, there is an unresolved doubt in the minds of the court. "Whether the only compulsion to which the plaintiff was subjected, was that unless he paid his taxes proper, his lots would be returned delinquent and sold, and thereby, and for no other reason, he was compelled to pay the assessment, is not clear. If it were clear that this is the proper, construction of the pleading, then a doubt arises as to whether a payment made under such circumstances only would amount to an involuntary one. But inasmuch as the judgment must be reversed and cause remanded for further proceedings for the reason already given, it is not deemed advisable to pass on the question in the form presented.

Judgment affirmed upon the first three causes of action; and reversed upon the fourth, and cause remanded to the court of ■ common pleas for further proceedings